In the Matter of the Estate of MURIEL JOYCE NARELLE, Infant.

Surrogate's Court, New York County, May 1, 1930.

*Jenks & Rogers*, for the petitioner.

*Grill & Ress*, for the respondent.

*Bonynge & Barker*, for the trustees.

O'BRIEN, S. These are two applications, viz., the first being made by Frederick A. Russell and Francis X. Clarke, two trustees under a certain trust agreement hereinafter referred to, and the second being an application made by Marie L. Malabre as general guardian of the person and property of Muriel Joyce Narelle. The first application prays that an order made by this court on December 9, 1929, may be so amended as to limit the authority of the general guardian of said infant to receive and expend her income to a sum more in consonance with her actual needs and that petitioners " receive such advice, instructions and further relief in the premises as to this court may seem just and equitable." The second application prays that an order be made directing that Reginald G. Narelle, the father of the infant, shall pay a sum not less than *$3,600 a year in monthly sums of $300 in advance to petitioner as the general guardian to cover the items of education, doctor bills and other matters provided for in paragraph " sixth " of the trust agreement mentioned above and " for such other, further or different relief as to this court may seem proper."* On December 10, 1929, said general guardian filed a petition *ex parte*, praying in this court for an order authorizing her to apply during the coming year $7,000 from the income of said trust fund which she shall receive as general guardian of the infant *to the support, maintenance and education* of the infant. Upon this petition the court made an order permitting said general guardian to draw from the funds of said infant and apply *to the support and maintenance* of said infant the sum of $6,000 for the period of one year from the date of said order. The general guardian and said Reginald G. Narelle were formerly husband and wife. They were divorced in April, 1929, in an action brought in the New York County Supreme Court by the general guardian. There was incorporated in the interlocutory judgment an agreement relating to the support and maintenance of the plaintiff (now general guardian) and the infant. The following paragraphs of said agreement are pertinent to these two applications: " In the event of the remarriage of the plaintiff, her interest in said trust fund and any future income thereof shall cease, and the income of said trust fund shall be paid to the plaintiff, who shall by proper proceeding, be appointed general guardian of said child, *to the extent deemed by the plaintiff as such general guardian reasonably necessary for the support and maintenance of said child.* The balance of the income of said trust fund not necessary for the support and maintenance of said child, shall be accumulated by said Trustees or their successors until said child shall reach the age of twenty-one years, when said accumulation of income shall be paid over to her and thereafter the entire income of said trust-fund shall be paid to said child."

" *Sixth.* The defendant undertakes and agrees in addition to the foregoing provisions to pay for the education of the said child, (including a college or finishing school within or without the City of New York to be selected by the plaintiff or by said child) and including a musical education, and also to pay for the clothing of said child and all doctors', surgeons' and dentists' bills and for nursing and hospital care or treatment when necessary and other similar extraordinary expenses necessary for the welfare of said child."

The trustees in their petition represent that a sum of $2,610, in their judgment, is sufficient for the support and maintenance of said infant for one year, dividing the total into these items: Board and lodging, $1,750; cost of summer vacation, $500; cost of school lunches, $110; pocket money, recreation and miscellaneous items, $250. In a statement submitted after the argument they represent that $2,510 would be an appropriate annual budget for support and maintenance. They further state that Trustee Clarke " is informed by Mr. Narelle and his attorneys that approximately the sum of $2,500 will be paid by him for the general education of his said daughter and for medical and dental care and other matters in addition to the support and maintenance of said infant as outlined above. The aggregate of these sums is in excess of $5,000 which is more than was spent upon said infant's bringing up prior to the divorce decree." The affidavit of said father shows items spent by him in 1929 for said infant totalling approximately *$3,000, being expenses covered by the provisions of paragraph 6 of the aforesaid agreement.* The guardian in these two applications proposes a budget for support and maintenance of *$6,566* (exclusive of bond premiums and legal fees) *and $3,750* as the total of an itemized budget covering expenses embraced in the provisions of paragraph " sixth " of said agreement. After extended argument and a careful review of the papers submitted, I have concluded to modify the order entered on December 10, 1929, approving of the expenditures of $6,000 for support and maintenance, substituting for said amount the sum of $4,750, upon the condition and the assumption that said father will furnish in equal monthly payments the sum of $2,500 to meet expenses embraced in said paragraph 6, these budgets to cover the period of one year beginning with December 10, 1929. After an experience of one year under these budgets it will be possible to more accurately estimate the required expenses for a future period, having in mind the mode of living to which the infant has been accustomed. In view of the above decision upon the first application it is, as a practical matter, unnecessary to further consider the second application. Reginald Narelle, the

father in his reply clearly states his position but does not question the authority of this court to supervise and control the expenditure by the guardian of all moneys or property of the infant whatsoever their source may be. However, his counsel in a memorandum submitted raises a question as to the power of this court to grant the relief sought by the general guardian, insisting that the application should have been made in the Supreme Court. It is unnecessary at this time to pass upon the point raised. Of course, this court cannot modify, amend or extend the judgment of the Supreme Court in the divorce action but it has broad and far-reaching powers over the properties of minors and the conduct and administration of guardians. (See Surr. Ct. Act §§ 40, 172, 173, 174, 183, 187 and 188.) Submit decree.